UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHY BENOSKIE,

    Plaintiff,

v.

                              Case No. Case No. 19-cv-684-pp

KERRY FOODS, INC.,

    Defendant.

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLMENT (DKT. NO. 13), GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES & COSTS (DKT. NO. 16) AND GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SERVICE AWARD TO PLAINTIFF BENOSKIE (DKT. NO. 21)**

The parties to this collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b) and Rule 23 class action under Wisconsin's wage payment and collection laws have filed a joint motion asking the court to approve the settlement terms upon which they have agreed. Dkt. No. 13. The parties attached the settlement agreement to the motion. Dkt. No. 13-1. The plaintiff also seeks approval of attorneys' fees and costs, dkt. no. 16, and approval of a service award to the lead plaintiff, Kathy Benoskie, dkt. no. 21. The court grants all three motions and approves the settlement.

**I.    Joint Motion for Approval of Settlement (Dkt. No. 13)**

    A.    <u>One-Step Certification Process</u>

As noted above, the plaintiff brought both a collective action under the FLSA and a class action under Fed. R. Civ. P. 23. Dkt. No. 1. For settlement purposes, however, the parties seek to certify only the FLSA collective class (all current and former, hourly, non-exempt manufacturing employees who worked in the defendant's manufacturing facility in Jackson, Wisconsin on or after May 5, 2016, received a non-discretionary sign-on or retention bonus and who

1

worked more than forty hours of the thirteen workweeks immediately preceding receipt of the sign-on or retention bonus). Dkt. No. 13 at 1. The plaintiff has not sought conditional certification of the collective class; the parties ask for final certification and approval of the settlement in a single motion. The motion does not discuss whether the court has the authority to skip the conditional certification step and grant final certification of the collective class.

"A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, while collective class action members are bound under §216(b) only if they opt-in to the action by providing their written consent." Franks v. MKM Oil, Inc., No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012) (citing Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 976 (7th Cir. 2011)). The majority of courts in this circuit follow a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. See, *e.g.*, Brabazon v. Aurora Health Care, Inc., No. 10–CV–714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011); Franks, 2012 WL 3903782, at *9. At step one, the court makes a conditional certification; at step two, the court makes a final certification. Blakes v. Ill. Bell Tel. Co., No. 11 CV 336, 2013 WL 6662831, at *4 (N.D. Ill. Dec. 17, 2013) ("District courts typically follow a two–step process . . . involving conditional certification of a class pre-discovery followed by a second look at whether collective treatment is appropriate after the parties have engaged in discovery.").

Some judges in the Northern District of Illinois, however, have approved FLSA settlements using a one-step approval process. As then-district judge (now Seventh Circuit judge) Amy St. Eve explained in Briggs v. PNC Financial Services Group, Inc.,

2

>    A one-step settlement approval process is appropriate. *See, e.g., Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("A one-step settlement approval process is appropriate []" in FLSA settlements."); *Watson, et al. v. BMO Financial Corp. and BMO Harris Bank, N.A.*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF Nos. 34, 39 (granting request for one-step approval process); *Prena v. BMO Fin. Corp.,* No. 15 Civ. 9175, 2015 WL 2344949, *1 (N.D. Ill. May 15, 2015) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.:). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

Briggs v. PNC Financial Services Grp., No. 15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

It would have been helpful for the parties to address the rationale for skipping the conditional certification process, or even for the parties to have acknowledged that they were asking the court to do so. That said, the court finds the reasoning of Judge St. Eve and the other judges who decided the cases she cites persuasive. The court concludes that a one-step certification process is appropriate under the circumstances of this case.

The court approves final certification of an FLSA collective class composed of all current and former, hourly, non-exempt manufacturing employees who worked in the defendant's manufacturing facility in Jackson, Wisconsin on or after May 5, 2016, received a non-discretionary sign-on or

3

retention bonus and who worked more than forty hours of the thirteen workweeks immediately preceding receipt of the sign-on or retention bonus.

B. Approval of Settlement Agreement

"Stipulated agreements in a FLSA case must be approved by the Court." Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Castillo v. Noodles & Co., No. 16-cv-03036, 2016 WL 7451626 (E.D. Ill. Dec. 23, 2016). If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts are allowed to approve the settlements to encourage settlement of litigation. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The court must consider whether the agreement is " a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brough about by an employer's overreaching." Burkholder, 750 F. Supp. at 994-95.

The motion for approval of the settlement agreement did not explain why the parties believe the proposed settlement reflects a reasonable compromise of the contested issues. The complaint, filed in May 2019, alleged that during the three years prior to the filing of the complaint, the defendant failed to pay the plaintiff and others similarly situated overtime at the appropriate rate (time and a half), as well as failing to include "all forms of non-discretionary compensation in Plaintiff's and all other current and former hourly-paid, non-exempt Manufacturing employees' regular rates of pay for overtime calculation and compensation purposes." Dkt. No. 1 at ¶¶48-54. The settlement agreement provides for a maximum payment of up to $75,000 for the named plaintiff and each qualified individual who opts into the collective class, as well as an award

4

of attorneys' fees and a service payment to the named plaintiff. Dkt. No. 13-1 at §IV(A). The defendant will be responsible for the employer-side payroll taxes (they won't come out of the settlement amount). Id. at §IV(B). The defendant will not oppose an application by the plaintiff's counsel for fees of up to $25,000. Id. at §V(A). The parties agree that plaintiff Benoskie will receive a service payment of $5,000 in addition to her distribution of the $75,000 settlement. Id. at §VI(A). The parties estimate that each individual who opts in to the collective will receive "approximately 150% of the overtime wages allegedly owed." Id. at §VI(A). They attached their preliminary calculations in this regard to the settlement agreement. Dkt. No. 13-1 at pp. 16-19.

In exchange, every member of the collective will release the defendant and any related entities from liability. Dkt. No. 13-1 at §§VI(C), IX.

The court concludes that an agreement that will pay each member of the collective approximately 150% of the overtime due, in exchange for their releasing the defendant from liability, is a reasonable compromise of the disputed issues, particularly in view of the cost of potential litigation. The court will approve the proposed settlement.

## II. Plaintiff's Motion for Approval of Attorney's Fees & Costs (Dkt. No. 16)

As provided in the settlement agreement, the plaintiff filed a motion for approval of attorney's fees and costs. Dkt. No. 16. As also provided in the settlement agreement, the defendant does not oppose the request for approval an award of attorney's fees and costs not to exceed $25,000. Dkt. No. 13 at 6.

The settlement agreement indicates that the maximum amount of the potential settlement is $75,000. Dkt. No. 13-1 at 5. The plaintiff seeks fees in the amount of one-third (33%) of the maximum settlement amount, not to exceed $25,000. Dkt. 13-1 at 6. The plaintiff indicates that this amount

5

constitutes a voluntary reduction of the forty percent (40%) contingency fee arrangement. Dkt. No. 18 at ¶8; Dkt. No. 15 at ¶8. As indicated above, after attorney's fees, costs and Plaintiff Benoskie's service award, the approximate monetary recovery for each person who opts in to the collective class will be 150% of the wages allegedly owed. Counsel for the plaintiff detailed the work he and his firm did between April 2019 (when work began on the case) to the date of the settlement agreement. Dkt. No. 15 at ¶¶8-13. Counsel also provided affidavits from two experienced FLSA litigators, Summer H. Murshid and Larry A. Johnson, averring that a one-third contingency fee arrangement was fair and reasonable given the geographic market. Dkt. Nos. 19, 20.

"Title 29 U.S.C. § 216(b) entitles a prevailing plaintiff in a[n] FLSA action to reasonable attorneys' fees and costs." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (citing Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001)). "'[A]ttorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services.' *Silverman [v. Motorola Solutions, Inc.*, 739 F.3d 956,] at 957 [(7th Cir. 2013)]." King v. Trek Travel, LLC, No. 18-cv-345-wmc, 2019 WL 6790398, at *3 (W.D. Wis. 2019). "The Seventh Circuit has recognized that 'most suits for damages in this country are handled on the plaintiff's side on a contingent fee basis' and that the 'typical contingent fee is between 33 and 40 percent.'" Id. (quoting Gaskill v. Gordon, 160 F.3d 361, 362 (7th Cir. 1998)).

The court concludes that the request of plaintiff's counsel for fees and costs of $25,000 is fair and reasonable and approximates the market rate prevailing between willing buyers and sellers in these kinds of cases in southeast Wisconsin. The court will grant the motion and approve the award.

### III. Plaintiff's Motion for Approval of Service Award (Dkt. No. 21)

Finally, as agreed in the settlement agreement, the plaintiff has filed a motion for approval of service award to plaintiff Benoskie, dkt. no. 21, and the defendant does not oppose the request for approval of a service award in the amount of $5,000, dkt. no. 13-1 at 7.

The parties have agreed that the $5,000 service payment is reasonable because Benoskie brought the case, served as named plaintiff and class representative, provided information to and assisted the plaintiff's counsel in forming the collective action and assisted counsel in the settlement. Dkt. No. 21 at ¶3.

> "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). This is especially true in employment litigation. *See Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 3698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or coworkers.") (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (internal quotation marks omitted)); *see generally* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).
>
> Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant and any other burdens sustained by the plaintiffs. *See, e.g., Espenscheid*, 688 F.3d at 876-77 (Posner, J.); *Cook*, 142 F.3d at 1016; *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012); *cf. Follansbee v. Discovery Fin. Servs., Inc.*, No. 99 Civ. 3827, 2000 WL 804690, at *7 (N.D. Ill. June 21, 2000) (recognizing the importance of incentive awards). Accordingly, incentive awards are commonly awarded to those who serve the interests of the class. *Massiah*, 2012 WL 5874655, at *8 (collecting cases), *accord Chesemore v. Alliance*

7

> *Holdings, Inc.*, No. 09 Civ. 413, 2014 WL 4415919, at *4 (W.D. Wis. Sept. 5, 2014); *Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 395 (N.D. Ill. 2011).
>
> In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation. *Cook*, 142 F.3d at 1016; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012).

Briggs, 2016 WL 7018566, at *2.

The motion gives only vague descriptions of what the plaintiff did to protect the interests of the class. The class has benefited from the plaintiff's actions—each person who opts in stands to recover 150% of any unpaid overtime. The motion is vague as to the time and effort the plaintiff expended—the plaintiff appears to have been involved in the case from April 2019 (when counsel began working on the case) to October 2019 (when the parties signed the settlement agreement).

The plaintiff asserts that the $5,000 service award is in line with and similar to service awards granted in other multi-plaintiff FLSA collective cases in this district. Id. at ¶4. She cites Johnson v. Nat'l Tech., Inc., Case No. 18-cv-462 (E.D. Wis., July 22, 2019) at Dkt. No. 57 (attorneys' fees over $100,000 and a service award of $8,500); Nicole Dietzen v. Community Loans of America, Inc., Case No. 2018-cv-818 (E.D. Wis. May 15, 2019) at Dkt. No. 39 (attorneys fees of $35,000 and a service award of $2,500); Meyer-Van Zeeland v. Advantech Manuf., Inc., Case No. 2018-cv-490 (E.D. Wis. April 18, 2019) at Dkt. No. 37 (attorneys' fees of $35,000 and a service award of $1,000); Weninger v. General Mills Operations, LLC, Case No. 2018-cv-321 (E.D. Wis. April 18, 2019) at Dkt. No. 93 (attorneys' fees over $113,000 and a $5,000 service award); and Gerlach v. West Revenue Generation Services, *et al.*, Case

8

No. 2018-cv-170 (E.D. Wis. Jan. 3, 2019) at Dkt. No. 91 (no mention of amount of attorneys' fees or service award). Some of these cases involved only FLSA collective actions, while others involved Rule 23 class action settlements, as well.

Given the duration of the case, the vague descriptions of the plaintiff's actions in service of the class and the amount of the service award relative to the amount of attorneys' fees, the $5,000 service award seems a bit high to the court. But there is no question that the case has benefitted the class, given a projected 150% recovery of unpaid overtime. The court will grant the motion to approve the service award.

## IV. Conclusion

The court **FINDS** that the settlement agreement (dkt. no. 13-1) reflects a fair and reasonable compromise of a disputed claim and **GRANTS** the joint motion for final certification of a collective action for settlement. Dkt. No. 13.

The court **CERTIFIES** the following collective action settlement class under 29 U.S.C. § 216(b):

> All current and former hourly-paid non-exempt manufacturing employees employed at Defendant's facility in Jackson, Wisconsin, who (i) were employed on or after May 5, 2016, (ii) received a non-discretionary sign-on or retention bonus, and (iii) worked more than forty (40) hours in any of the 13 workweeks immediately preceding receipt of the sign-on or retention bonus.

The court **FINDS** that the parties' proposed Notice of Settlement and Consent Form, dkt. no. 13-1 at 20-26, is the best notice practicable under the circumstances for distribution to all putative members FLSA collective class.

The court **ORDERS** that the plaintiff's counsel shall distribute the Notices of Settlement, consent forms, and W-9 forms not later than ten (10)

calendar days after the date of this order in accordance with the terms of the Settlement Agreement.

The court **ORDERS** that the class members who wish to opt in to the 29 U.S.C. §216(b) collective class must opt in via the procedures identified in the Notice of Settlement not later than thirty (30) calendar days following the date of mailing for the notices.

The court **ORDERS** that the defendant shall distribute settlement checks for to plaintiff's counsel within sixty (60) calendar days after the close of the opt-in period in accordance with the terms of the Settlement Agreement.

The court **ORDERS** that plaintiff's counsel shall distribute the settlement checks received from defendant within a reasonable time after receipt in accordance with the terms of the Settlement Agreement

The court **GRANTS** the plaintiff's motion for approval of attorney's fees and costs in the amount of $25,000. Dkt. No. 16.

The court **GRANTS** the plaintiff's motion for approval of service award to Kathy Benoskie in the amount of $5,000. Dkt. No. 21.

The court **ORDERS** that the parties shall file dismissal documents within 75 days after the close of the opt-in period.

Dated in Milwaukee, Wisconsin this 28th day of September, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
